```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  E. ROBERT WRIGHT (SBN 51861)
    Assistant U.S. Attorney
 3  501 "I" Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2700
    Facsimile: (916) 554-2900
 5
    Attorneys for Plaintiff
 6  United States of America
 7
 8            IN THE UNITED STATES DISTRICT COURT
 9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,   )  2:10-CV-02614-JAM-EFB
                                )
12         Plaintiff,           )  STIPULATION FOR STAY;
                                )  ORDER
13      v.                      )
                                )
14  REAL PROPERTY LOCATED AT 28953 )
    STATE HIGHWAY 49, NORTH SAN )
15  JUAN, CALIFORNIA, NEVADA COUNTY, )
    APN: 60-100-11, INCLUDING   )
16  ALL APPURTENANCES AND       )
    IMPROVEMENTS THERETO,       )
17                              )
           Defendant.           )
18  _____)
```

19      Plaintiff United States of America, and claimants Clifford
20 Josef Young and Kathleen Marie Young (hereafter, "Claimants"), by
21 and through their respective counsel, hereby stipulate that a
22 stay is necessary in the above-entitled action, and request that
23 the Court enter an order staying all further proceedings until
24 the conclusion of the criminal case against Clifford Josef Young
25 ("Young") and Kathleen Marie Young (aka "Kathleen Dockstader")
26 ("Dockstader").  The related criminal case is U.S. v. Clifford
27 Josef Young and Kathleen Dockstader, case number 2:10-CR-0222-
28 JAM.

Claimants have filed claims and answers to the real property located at 28953 State Highway 49, North San Juan, California, Nevada County, APN: 60-100-11, (hereafter the "defendant real property").

On June 10, 2010, the Grand Jury of the Eastern District of California indicted Young and Dockstader for violations of 21 U.S.C. § 841 (a)(1) - Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Manufacture Methamphetamine; 21 U.S.C. § 841(c)(1) - Possession of Ephedrine with Intent to Manufacture Methamphetamine; and 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Marijuana.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant real property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841 et seq.

The United States intends to depose Claimants regarding their claims and their involvement in and/or knowledge of drug-trafficking and other facts as alleged in the complaint. Claimants will likely seek to depose law enforcement officers who have been involved in the drug-trafficking investigation, which is also the basis for the pending criminal case.  If discovery proceeds at this time, Young and Dockstader will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant currencies, or waiving their Fifth Amendment rights and submitting to depositions and

1  potentially incriminating themselves.  If they invoke their Fifth
2  Amendment rights, the United States will be deprived of the
3  ability to explore the factual basis for the claims they filed
4  with this court in this action.  In addition, to the extent
5  Claimants intend to depose, among others, the agents involved in
6  the underlying investigation, allowing depositions of the law
7  enforcement officers at this time would adversely affect the
8  United States' prosecution of the criminal case against Young and
9  Dockstader.
10     The parties recognize that proceeding with this action
11 at this time has potential adverse effects on the prosecution of
12 the underlying criminal case and/or upon the ability of Claimants
13 to prove their claims to the defendant assets and to assert any
14 defenses to the forfeiture.  For these reasons, the parties
15 jointly request that this matter be stayed until the conclusion
16 of the criminal case.  At that time the parties will advise the
17 court of the status of the criminal case and will advise the
18 court whether a further stay is necessary.

19 DATED: 11/22/2010              BENJAMIN B. WAGNER
                                  United States Attorney
20
21                                /s/ E. Robert Wright
                                  E. ROBERT WRIGHT
22                                Assistant U.S. Attorney
                                  Attorneys for the United States
23
24 DATED: 11/22/2010
25
                                  /s/ Editte D. Lerman
26                                EDITTE D. LERMAN
                                  Attorneys for Claimants
27                                Clifford Josef Young
                                  Kathleen Marie Young
28                                **As Authorized on 11/22/2010**

**ORDER**

For the reasons set forth above, this action is stayed pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the criminal case, at which time the parties will advise the Court whether a further stay is necessary.

**IT IS SO ORDERED.**

Dated: 11/22/2010        /s/ John A. Mendez
                        JOHN A. MENDEZ
                        UNITED STATES DISTRICT JUDGE